McCORD-BRADY COMPANY ET AL. V. JOHN R. MONEYHAN.

FILED JANUARY 24, 1900.    No. 9,128.

1. **Contracts: EXTRINSIC EVIDENCE: QUESTION FOR JURY.** Where extrinsic evidence regarding the effect intended to be given an equivocal instrument is contradictory, the question should be submitted to the jury.

2. ——: ——: **INSTRUCTIONS: REVIEW.** An instruction to the effect that a waiver of provisions contained in a written instrument must be proved by evidence which is clear and unequivocal, is erroneous.

ERROR from the district court of Burt county. Tried below before FAWCETT, J.    *Reversed.*

*McCabe, McGilton & Rach, Edward A. Peterson* and *H. H. Bowes,* for plaintiffs in error.

*M. R. Hopewell, contra.*

SULLIVAN, J.

On April 10, 1896, John R. Moneyhan executed to McCord-Brady Company a demand note for $194.31 and a chattel mortgage on his stock of merchandise in the village of Craig. Earl Stanfield, an agent of the mortgagee, took immediate possession of the mortgaged property, and, with Moneyhan's consent, proceeded to sell the same in the usual course of trade. On April 13, 1896, Charles H. Miller, another agent of McCord-Brady Company, went to Craig, and, with the assistance of Moneyhan, made an invoice of the stock. A day or two

42

after the invoice was completed Miller sold the property
to H. H. Smith & Co. for $209. This action was then in-
stituted by Moneyhan against McCord-Brady Company
and H. H. Smith & Co., on the theory that the sale was
unlawful and amounted to a conversion of plaintiff's
property. The principal question in dispute is whether
the sale made by Miller was authorized. The oral testi-
mony bearing upon this point is conflicting; but defend-
ants produced at the trial documentary evidence which
they claim is conclusive in their favor. The writing upon
which they rely is as follows:

"CRAIG, NEB., April 13, 1896.

"This is to certify that according to the tenor of one
certain mortgage given by me to McCord-Brady Com-
pany I grant and give unto Charles H. Miller, their agent,
the full possession and right to sell the stock of goods
described in said mortgage, the proceeds of said sales to
apply to the discharge of their claim. Signed this 13th
day of April, A. D. 1896.          J. R. MONEYHAN."

We can not agree with counsel for the defendants that
this document, standing alone, necessarily implies a
waiver by Moneyhan of his right to have the goods sold
according to the terms of the mortgage. The course pur-
sued by the trial court was correct. The instrument was
properly submitted to the jury to be read in the light of
the circumstances surrounding the parties at the time
of its execution. The extrinsic evidence being contra-
dictory, the question could not have been properly de-
termined by the court.

The court instructed the jury as follows: "You are
further instructed that to justify the private sale of the
stock of goods by McCord-Brady Company to H. H.
Smith & Co., the waiver by Moneyhan of the conditions
of sale expressed in the mortgage must be clear and une-
quivocal, and must be established by a preponderance of
the evidence." The giving of this instruction was preju-
dicial error. The gist of the action being the alleged

wrongful sale made by one of the defendants to the other, their liability depended entirely on whether Moneyhan had waived his right to the notice for which the mortgage provided. Conceding that the burden was on defendants to establish such a waiver, we know of no rule requiring them to do more than produce the greater weight of the evidence upon the issue. The language employed by the court was calculated, we think, to impress the jury with the idea that a bare preponderance in favor of defendants would not justify a finding in their favor. Since there is to be another trial, it ought, perhaps, to be further remarked that the court, in receiving expert evidence of the value of the goods, went to the utmost limit of its discretion, and, perhaps, farther than it should have gone. The judgment is reversed, and the cause remanded.

REVERSED AND REMANDED.